[Cite as *Skvorak v. Ohio Dept. of Transp.*, 2011-Ohio-4581.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID SKVORAK

Plaintiff

v.

THE OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-01836-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, David Skvorak, filed this action against defendant, Department of Transportation (ODOT), contending that he suffered property damage as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on the entrance ramp to Interstate 71 northbound from McMillan Street in Cincinnati. Plaintiff related that he was traveling on the Interstate 71 North entrance ramp when "I avoided many of the potholes on the on-ramp (see pictures), I was unable to avoid them all." Plaintiff recalled that the described incident occurred on January 12, 2011 at approximately 5:00 p.m. Plaintiff requested damage recovery in the amount of $604.53, the stated total cost of replacement parts and reimbursement for plaintiff's "loss of time." The filing fee was paid.

{¶2} Defendant determined that plaintiff's incident occurred at milepost 3.20 on I-71 in Hamilton County. Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 12, 2011 incident. Defendant related that, "[t]his section of roadway has an average daily traffic count" of over 110,000 vehicles. Defendant asserted that

plaintiff did not offer any evidence to establish the length of time that any pothole existed in the vicinity of milepost 3.20 on I-71 prior to his incident. Defendant acknowledged receiving one complaint of potholes in the vicinity of plaintiff's incident approximately two months before plaintiff's event; however those potholes had been promptly repaired.

{¶3} Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained. Defendant advised that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident the last time that section of roadway was inspected prior to January 12, 2011. Defendant argued that plaintiff has failed to offer any evidence to prove that his property damage was attributable to any conduct on the part of ODOT personnel. Defendant asserted that the roadway was "in relatively good condition at the time of plaintiff's incident." Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that two (2) Planing Bituminous Pavement Operations were performed on I-71 between mileposts 2.70 and 3.2 but this repair was done at night and it was three months before plaintiff's incident." Defendant noted, "that if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} Defendant denied receiving any complaints before January 12, 2011, regarding a pothole on the Interstate 71 entrance ramp at approximate milepost 3.20.

{¶7} Plaintiff filed a response again asserting that defendant negligently maintained the roadway in that the pothole he hit was not promptly repaired and that potholes are still evident on the ramp as recently as April 5, 2011, (pictures submitted).

{¶8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not submitted any evidence to establish that ODOT had actual notice of the pothole prior to plaintiff's incident. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of*

*Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶11} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶12} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶13} Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶14} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

 Court of Claims of Ohio

DAVID SKVORAK

      Plaintiff

      v.

THE OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2011-01836-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                   _____
                                   DANIEL R. BORCHERT
                                   Deputy Clerk

Entry cc:

David Skvorak                          Jerry Wray, Director
3327 Bishop Street                  Department of Transportation
Cincinnati, Ohio  45220            1980 West Broad Street
                                   Columbus, Ohio  43223

SJM/laa
4/20
Filed 6/7/11
Sent to S.C. reporter 9/12/11